Abran E. Vigil, Esq.
Nevada Bar No. 7548
Justin Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
100 City Parkway, Suite 1750
Las Vegas, Nevada  89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
Email: vigila@ballardspahr.com
Email: shiroffj@ballardspahr.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; SUNRISE VILLAS V HOMEOWNERS ASSOCIATION;  and NEVADA ASSOCIATION SERVICES,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certificates, Series 2005-AR4 ("Wells Fargo" or "Plaintiff"), by and through its counsel of record, Ballard Spahr, LLP, hereby complains against SFR Investments Pool I, LLC, Sunrise Villas Homeowners Association, and Nevada Association Services as follows:

## I.   THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a trust, the current trustee of which is Wells Fargo, a national banking association headquartered in Sioux Falls, South Dakota. For diversity purposes, Wells Fargo is a citizen only of South Dakota.

2. Upon information and belief, Defendant SFR Investments Pool I, LLC ("SFR") is a Nevada limited liability company with its principal place of business in Nevada, which is held by various other LLC's, the membership of which is ultimately comprised of two members: Xiemen Limited Partnership, a Canadian entity whose partners are a Canadian corporation and an individual who is a citizen of South Africa (*See Nationstar Mortgage LLC v. Flamingo Trails No. 7 Landscape Maintenance Association Inc., et al.* Case no. 2:15-cv-01268-RFB-NJK at ECF No. 50-1).

3. Upon information and belief, Defendant Sunrise Villas Homeowners Association (the "HOA") is a Nevada non-profit corporation.

4. Upon information and belief, Defendant Nevada Association Services ("NAS") is a Nevada limited liability company with its principal place of business in Nevada and whose members are Nevada citizens.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) because there is complete diversity between Wells Fargo and all Defendants—i.e., Wells Fargo is a citizen of South Dakota and all of the Defendants are either Nevada citizens, or are not citizens of South Dakota—and the amount in controversy exceeds $75,000.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because SFR does business in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

7. The Court has personal jurisdiction over SFR because this lawsuit arises out of and is connected with SFR's purposeful purchase of an interest in real

1  property situated in the County of Clark, State of Nevada and, upon information and
2  belief, SFR is a Nevada limited liability company.

3      8.    The Court has personal jurisdiction over the HOA and NAS because this
4  lawsuit arises out of and is connected with the HOA's purposeful sale of an interest
5  in real property situated in the County of Clark, State of Nevada.

6      9.    The HOA is joined as a necessary party pursuant to Fed. R. Civ. P. 19(a)
7  even though there are no substantive claims alleged against the HOA.

## II. FACTUAL BACKGROUND

*The Property and the Deed of Trust*

10. This action relates to the parties' rights in that certain real property commonly described as 3138 Espanol Dr., Las Vegas, Nevada 89121; APN #162-13-711-038 (the "Property"). The Property is legally described as follows:

> PARCEL ONE: Lot 243 of SUNRISE VILLAS V, as shown by map thereof on file in Book 19 of Plats, Page 5, and by an Amended Map of a Portion of SUNRISE VILLAS V, as shown by map thereof on file in Book 19 of Plats, Page 66, in the Office of the County Recorded of Clark County, Nevada.
>
> PARCEL TWO: An Undivided 1/61st Interest in the Common Area of the Above Recorded Map.

11. On or about May 31, 2005, the deed evidencing the conveyance of the Property to Deanna Adler ("Adler" or "Borrower") was recorded in the Official Records of the Clark County Recorder.

12. On or about May 31, 2005, a deed of trust ("Deed of Trust") securing a loan in the amount of $207,900 (the "Adler Loan") was recorded as Book and Instrument number 2005053104304 in the Official Records of the Clark County Recorder, showing: Deanna Adler as borrower; GreenPoint Mortgage Funding, Inc. as lender; Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for the lender; and Marin Conveyancing Corp. as trustee.

13. On or about February 1, 2011, the Borrower defaulted under the Loan and Deed of Trust.

14. On or about August 5, 2011, the Deed of Trust was assigned to Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certificates, Series 2005-AR4 as evidenced by the Assignment of Deed of Trust, recorded as Book and Instrument number 2011080500362 in the Official Records of the Clark County Recorder. This Assignment was re-recorded on September 2, 2011 as Book and Instrument number 2011090200152 in the Official Records of the Clark County Recorder.

*The HOA Foreclosure and SFR's Acquisition of the Property*

15. On or about October 3, 2011, the HOA recorded a Notice of Homeowners Association Assessment Lien ("NOA") on the Property as Book and Instrument number 20111003-00450 in the Official Records of the Clark County Recorder.

16. The NOA was for $2,173.40 and "any other amounts due thereunder."

17. On or about November 28, 2011, the HOA recorded a Notice of Default and Election to Sell ("NOD") on the Property as Book and Instrument number 20111128-02488 in the Official Records of the Clark County Recorder.

18. On or about May 29, 2012, the HOA recorded a Notice of Trustee's Sale" ("NOS") on the Property as Book and Instrument number 20120529-01436 in the Official Records of the Clark County Recorder.

19. Upon information and belief, the HOA, through its agent NAS, conducted its purported foreclosure sale on the Property ("HOA Foreclosure Sale") on July 27, 2012.

20. Upon information and belief, SFR purchased the Property at the HOA Foreclosure Sale with a winning bid in the amount of $7,960.00.

21. At the time of the HOA Foreclosure Sale, the fair market value of the Property was approximately $102,000.00.

22. Upon information and belief, neither the HOA Notice of Delinquent Assessment Lien, Notice of Default and Election to Sell Under Homeowners

BALLARD SPAHR LLP
100 N. CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

Association Lien, nor the Notice of Trustee's Sale identified what portion of the lien, if any, constituted a "super-priority" lien.

23. On or about August 1, 2012, SFR recorded a Foreclosure Deed ("Foreclosure Deed") on the Property as Book and Instrument number 20120801-0001698 in the Official Records of the Clark County Recorder.

24. The sale price at the HOA Foreclosure Sale is inadequate when compared to the debt owed on the Loan and the fair market value of the Property.

25. The HOA Foreclosure Sale occurred on July 27, 2012, which is prior to the date that the Nevada Supreme Court issued its decision in *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014) (the *SFR* decision").

26. Upon information and belief, neither the HOA nor NAS provided notice to the Plaintiff and/or the beneficiary under the Deed of Trust of (1) the Notice of Delinquent Assessment Lien, (2) the Notice of Default and Election to Sell Under Homeowners Association Lien, or (3) the Notice of Foreclosure Sale (collectively, the "HOA Assessment Lien and Foreclosure Notices").

27. The HOA Assessment Lien and Foreclosure Notices did not provide any notice of a right to cure by Plaintiff.

28. The HOA Assessment Lien and Foreclosure Notices did not specify what portion of the lien, if any, the HOA claimed constituted a "super-priority" lien.

29. The HOA Assessment Lien and Foreclosure Notices did not specify whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

30. A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

31. Upon information and belief, the HOA and NAS did not comply with all mailing and notice requirements stated in NRS 116.31162 through NRS 116.31168.

32. The HOA sale deprived the Plaintiff of its right to due process.

DMWEST #14605427 v1                              5

33. The HOA sale resulted in an impermissible taking of a property right and/or interest by the Plaintiff.

34. Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

35. A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

36. Upon information and belief, the HOA Assessment Lien and Foreclosure Notices included improper fees and costs in the amount demanded.

37. The attorney's fees and costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

38. Upon information and belief, the HOA Assessment Lien and Foreclosure Notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

39. The sale price pursuant to the HOA foreclosure and as reflected in the Trustee's Deed Upon Sale is inadequate when compared to the debt owed on the Loan and the fair market value of the Property.

40. From 2012 through 2014, after SFR purported to take title to the Property, Wells Fargo made property preservation payments including, but not limited to, county tax payments and homeowners insurance payments.

41. Upon information and belief, the current fair market value of the Property is approximately $251,705.00.

42. The current unpaid principal balance on the Adler Loan is approximately $198,136.50.

43. Upon information and belief, SFR maintains that it has an interest in the Property.

### III.   FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

44.   Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

45.   Pursuant to NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property.

46.   SFR claims an interest in the Property adverse to Plaintiff.

47.   The HOA did not comply with NRS Chapter 116, including, but not limited to, providing notice of the HOA foreclosure to Plaintiff. The HOA sale is void and should be rescinded on that basis.

48.   The HOA sale did not provide due process to the Plaintiff. The HOA sale is void and should be rescinded on the basis that it did not provide due process to Plaintiff.

49.   For all the reasons set forth above in the General Allegations, the Plaintiff is entitled to a declaration from this Court, pursuant to NRS 40.010, that Plaintiff's interest is superior to the interest held by Defendants, if any, and all other parties.

50.   Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees and costs.

### IV.   SECOND CLAIM FOR RELIEF
### (Quiet Title)

51.   Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

52.   Pursuant to NRS 40.010, this Court has the power to resolve the adverse claims in the Property.

53.   SFR claims an interest in the Property that is adverse to Plaintiff's interest.

54. The HOA did not comply with NRS Chapter 116, including, but not limited to, providing notice of the HOA foreclosure sale.

55. For all of the reasons set forth above in the General Allegations, the Plaintiff is entitled to a declaration from this Court, pursuant to NRS 40.010, that Plaintiff's interest is superior to the interest held by Defendants, if any, and all other parties.

56. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment against SFR)

57. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

58. SFR has been unjustly enriched, in that Plaintiff has continued to expend funds and resources to maintain and preserve the Property to the detriment of Plaintiff, and contrary to fundamental principles of fairness, justice, and fair dealing.

59. Plaintiff is entitled to recoup the reasonable amount of benefits obtained by SFR based on the theory of unjust enrichment.

60. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees and costs.

### V.   PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For a declaration and determination that Plaintiff's interest in the Property was not extinguished by the HOA Foreclosure Sale;

2. For a declaration and determination that the HOA Foreclosure Sale is void or voidable;

3. For a preliminary and permanent injunction that SFR, its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property;

4. For a preliminary and permanent injunction that SFR, its successors and assigns, be required to pay all taxes, insurance and homeowners association dues during the pendency of the action;

5. For a preliminary and permanent injunction that SFR, its successors and assign, be required to segregate and deposit all rents generated from the Property with the Court or a Court-approved trust account over which SFR has no control during the pendency of the action;

6. For all fees and costs of court incurred herein, including post-judgment costs; and,

7. For any and all further relief deemed appropriate by this Court.

DATED this 27th day of July, 2016.

BALLARD SPAHR LLP

By: /s/ Justin A. Shiroff
Abran E. Vigil
Nevada Bar No. 7548
Justin A. Shiroff
Nevada Bar No. 12869
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106

*Attorneys for Plaintiff*

DMWEST #14605427 v1                    9